GEORGE PRATT, JR. *versus* DAVID SEAVEY.

An action commenced before the expiration of a *lien*, and brought to enforce it, may be prosecuted to judgment and execution against an administrator or executor, nothwithstanding the death and insolvency of the debtor.

So also, in case of a defendant under guardianship by reason of insanity, whose estate has been duly represented insolvent.

ON FACTS AGREED. From *Nisi Prius.*
The case is fully stated in the opinion of the Court.
*A. P. Gould,* for plaintiff.
*Henry Ingalls,* for defendant.

MAY, J.—This action is brought to secure the plaintiff's lien upon a shoe shop and the land on which the same stands. The amount of the claim sued for and the original existence of the lien are admitted. This action was commenced within

ninety days after the plaintiff had performed the labor upon the building, and the writ properly alleges that it is brought to secure said lien.

The case shows, that the defendant was placed under guardianship for the *cause of insanity* by the judge of probate for the county of Lincoln on the third day of January, 1853, and that the guardian duly returned an inventory of the defendant's estate, and represented the same as insufficient to pay his debts, whereupon commissioners of insolvency were duly appointed, who have not yet made their return. At the January term of this Court, 1854, the insanity and insolvency of the defendant were suggested by the guardian, who defends this suit, and now contends, that the action should be dismissed on account of said insolvency; while on the other hand, the plaintiff contends, that his lien is not dissolved by the proceedings in the probate court. It is agreed by the parties, that if the action upon the facts cannot be maintained, it shall be dismissed, and if it can be, the defendant is to be defaulted. The only question, therefore, which is presented to the Court, is whether under our statutes, the plaintiff is entitled to proceed to judgment and execution that he may enforce his lien, or whether such lien is dissolved.

By the R. S., c. 125, § 37, any person performing labor or furnishing materials for erecting, altering or repairing any house, or *other building*, by virtue of any contract with the owner thereof, has a lien to secure the payment of the same, upon such house or building, and the lot of land on which the same stands, and upon the right of redeeming the same when under mortgage; which is to continue in force for the space of ninety days from the time when the payment becomes due; and in § 38, it is provided, that "such person may secure the benefit of such lien by an attachment of such house or building, land, or right of redemption, within the said ninety days, and such attachment shall have precedence of all other attachments, not made under any such lien." Under the provisions of this statute, it seems to have been decided by this Court, in the case of *Severance* v. *Ham-*

*matt,* 28 Maine, 511, "that it was not the intention of the Legislature to have such a lien enforced against an insolvent estate." That was a case where the party for whom the work was done, died shortly after the performance, and the action was brought against his executor; and WELLS, J., in a dissenting opinion, regards the lien created by the statute as a vested right, and as surviving the death and insolvency of the debtor. In the subsequent case of *Bangor* v. *Goding & al.,* 35 Maine, 73, the Court decided, that such a lien created by statute, gives no vested interest in the property, and is but a part of the remedy afforded by law for the collection of the debt, and is, therefore, subject to the control of the Legislature.

By the statute of 1850, c. 159, the 37th section of the Revised Statutes, before cited, is amended in several particulars, and by the 1st section of this statute it is expressly provided, that "such lien shall continue in force for the space of ninety days from the time when such payment becomes due, notwithstanding the decease of any such debtor, and the representation of his estate as insolvent; and the administrator or executor of *any* insolvent estate shall, upon citation, be holden to answer to any action brought upon a claim secured by such lien." Although such lien may not be regarded as a vested right until it is perfected, and is dependent upon a compliance by the plaintiff with the provisions of the statutes necessary for its enforcement, still it is clear, that an action which was commenced before the expiration of the lien, and brought to enforce it, may, by virtue of the statute of 1850, be prosecuted to judgment and execution, against his administrator or executor, notwithstanding the death and insolvency of the debtor. Does not a defendant under guardianship, by reason of his insanity, and whose estate is duly represented as insolvent, stand in the same position?

By the statute of 1850, c. 177, § 1, it is enacted "that to every such case, so far as it relates to all debts and claims between the said ward and all other persons, the principles of

law applicable to the estates of deceased persons, represented insolvent, are hereby extended and applied."

By the 2d section of the same statute it is provided, that " as to all the rights, doings and duties of the guardian, of the commissioners of insolvency, of the court of probate, *and other tribunals,* and of all parties and persons in relation to the debts and claims above mentioned, the like proceedings, *mutatis mutandis,* shall be had, and with the same effect, as in relation to the estates of deceased persons, represented insolvent," excepting certain provisions which have no connection with the case before the Court. We are, therefore, of opinion that this action stands upon the same footing, as if it had been brought against a person subsequently deceased, and whose estate was duly represented insolvent. The result is, that the action is maintainable, and the defendant, according to the agreement of the parties, is to be defaulted for the amount claimed, with interest from the date of the writ; but the execution to be issued upon the judgment, cannot be lawfully levied except upon the property to which the creditor's lien originally attached, and which lien has been kept in force in conformity with the provisions of the statute.

*Defendant to be defaulted.*

TENNEY, C. J., and APPLETON, and CUTTING, J. J., concurred.

RICE, J., did not sit.